```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22189-Civ-GOLD
                              MAGISTRATE JUDGE P.A. WHITE

ALEXANDER PENA,               :

      Petitioner,             :

v.                            :     REPORT RE DISMISSAL
                                       §2254 PETITION
WALTER A. McNEIL,¹            :     AS TIME BARRED

      Respondent.             :
_____
```

This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on August 1, 2007.² The judgments of conviction of numerous offenses, including organized scheme to defraud and multiple counts of grand theft, all entered on a joint plea of guilty in Dade County Circuit Court case numbers F99-29117, F01-7485, F01-1285, F01-9957 and F01-7489, became final at the latest on August 2, 2001, when the time expired during which Pena could have filed a direct appeal at the conclusion of his sentencing

---

¹Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

²The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 16]

proceeding.[3] [DE 9, Ex.A at 37]

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[3] In Florida, if the defendant does not appeal, the judgment becomes final upon expiration of the thirty-day appeal period. Fla.R.App.P. 9.110(b).

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

In this case, after Pena's convictions became final on August 2, 2001, approximately **six months** of untolled time elapsed until he filed a petition for belated appeal on or about February 4, 2002. [DE 9, Ex.F] The appellate court appointed counsel for Pena and the proceeding which had been initiated pro se was voluntarily dismissed and disposed of without a mandate on March 21, 2002. [Id.]

Meantime, however, counsel noticed an appeal on Pena's behalf on March 13, 2002. [DE 9, Ex.G] Counsel thereafter filed a memorandum brief and motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967) [DE 9, Ex.H], and Pena noticed a voluntary dismissal of the appeal.  The court recognized the voluntary dismissal and dismissed the appeal on June 14, 2002, disposing of the matter without a mandate on that same date. [DE 9, Ex.G]  Pena v. State, 819 So.2d 779 (Fla. 3 DCA 2002)(table). [DE 9, Ex.I]

At that point the limitations clock ran unchecked for an additional **four months and two weeks**, until Pena filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850 on or about October 30, 2002. [DE 9, Ex.E at 9] That motion was denied on

December 13, 2002, and Pena's motion for rehearing also was denied on January 6, 2003. [DE 9, Ex.E2 at 8] As no appeal was taken, that result became final thirty days thereafter, on February 5, 2003. See n.3, supra.[4]

Another **four months** of untolled time then elapsed until Pena submitted a second Rule 3.850 motion on June 6, 2003. [DE 9, Ex.E2 at 8] An evidentiary hearing apparently was scheduled for November 26, 2003, but at that proceeding Pena told the court that he had elected to withdraw his motion because he "would be facing too much time" if he were to prevail and be returned to his pre-plea status. [DE 9, Ex.J at 3] The court engaged Pena in a colloquy regarding the voluntariness of his decision, and cautioned him that any future attempts to seek state collateral relief would be subject to dismissal as untimely. Ultimately, the court granted Pena's request and dismissed his motion. [Id. at 7]

At that juncture, a total of over 14 months of untolled time had elapsed since Pena's convictions had become final during which no properly-filed state postconviction proceedings were pending, so the AEDPa limitations had expired. It therefore is unnecessary to

---

[4]It is noted that Pena filed an earlier §2254 petition directed to these same convictions in case number 03-20137-Civ-Martinez on January 22, 2003. Pena subsequently moved to voluntarily dismiss that application, and pursuant to a report and recommendation by the undersigned, the petition was dismissed by order of the Honorable Jose Martinez, District Judge, on May 22, 2003, "without prejudice except at to the federal statute of limitations or other procedural bar." The pendency of that earlier federal action did not act to toll the AEDPA limitations period relative to the convictions at issue. Duncan v. Walker, 533 U.S. 167 (2001); see Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

4

chronicle the remainder of Pena's state collateral litigation to determine that this federal petition was filed untimely. See Tinker v. Moore, 255 F.3d 1331 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11 Cir. 1999)(same).

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. [DE 3]  However, Pena filed nothing in response to that order. It is also noted that on the face of the form §2254 petition with which Pena initiated this action, he was instructed to explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) did not bar his application [DE 1 at ¶18], but Pena left that section of his petition blank. [DE 1 at 15]

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 20TH day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Alexander Pena, pro se
 Inmate No. 82034
 Ellsworth Correctional Facility
 P.O. Box 107
 Ellsworth, KS 67439

 Michael C. Greenberg, AAG
 Department of Legal Affairs
 444 Brickell Avenue
 Suite 650
 Miami, FL 33131