UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22189-CIV-GOLD/WHITE

ALEXANDER PENA,

    Petitioner,

v.

WALTER A. MCNEIL,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING PETITION; CLOSING CASE

THIS CAUSE comes before the Court on the Report and Recommendation [DE 10] by Magistrate Judge Patrick A. White, docketed on March 20, 2008. Petitioner Pena filed his Petition under 28 U.S.C. § 2254 for writ of habeas corpus on August 22, 2007 [DE 1]. In this Petition, he represents that the date of his judgment of conviction was June 29, 2001. Petitioner argues that a writ of habeas corpus should be granted based on ineffective assistance of counsel relating to the maximum sentence to which Petitioner was exposed when he pled guilty and the double jeopardy clause. DE 1 at 5-7.

In the Report and Recommendation, the Honorable Patrick A. White noted that the judgments of conviction against Petitioner Pena became final at the latest on August 2, 2001, when the time expired during which Petitioner could have filed a direct appeal. Pursuant to 28 U.S.C. § 2244(d), there is a one year period of limitations on petitioner brought under § 2254 which normally runs from the date on which judgment became final. See 28 U.S.C. § 2244(d). This period of limitations, however, may be tolled by properly-filed applications for state post-conviction relief. See § 2244(d)(2).

1

Here, although Petitioner has filed several applications for state post-conviction relief since his judgments of conviction became final, those applications were denied and there were periods during which no application was pending. Judge White determined that a total of over 14 months of untolled time had elapsed since Petitioner's judgments of convictions became final. Judge White also noted that he issued an order informing Petitioner that his Petition may be barred unless he could show that one of the four events listed in § 2244(d)(1) had occurred within the year before the Petition was filed. Petitioner did not file a response to that order. Based on his analysis in the Report, Judge White recommended that this Petition be denied as time barred.

Petitioner filed his Objection [DE 11] to this Report on April 1, 2008. In this Objection, Petitioner argues that his Petition should be granted on the merits. Petitioner also argues that his convictions should not have become final less than three months after he entered his guilty plea. The Objection, however, does not address the Report's conclusions the Petition is time barred pursuant to § 2244(d), nor does Objection address the four possible occurrences which trigger the limitations period under that § 2244(d)(1).

Having considered the Petition, the Report and Recommendation, the Objection, and the case file, along with the relevant case law, I adopt the Report and Recommendation and dismiss this Petition as time barred. Accordingly, it is hereby

ORDERED AND ADJUDGED that

1. The Report and Recommendation [DE 10] is ADOPTED.
2. The Petition [DE 1] is DISMISSED.
3. This case is CLOSED.
4. All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers in Miami, Florida this ___ day of May, 2008.

	THE HONORABLE ALAN S. GOLD
	UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Patrick A. White
All counsel of record

From Chambers via U.S. Mail:

Alexander Pena
Inmate #82034
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, KS 67439